# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY ANTHONY LONICK,   No. 2:13-cv-0768-CMK-P

    Petitioner,

  vs.   ORDER

DWIGHT NEVEN,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is respondent's unopposed motion to dismiss (Doc. 12).

    Respondent contends this court lacks jurisdiction as petitioner is not in custody on the judgment his petition is challenging. In addition, respondent contends the petition is untimely as filed beyond the statute of limitations, is fully unexhausted, and petitioner's attempts to avoid the statute of limitations under the All Writs Act is ineffective. The court, similarly construing petitioner's petition as a petition for writ of habeas corpus, agrees with respondent's

1

contentions.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

The basic scope of habeas corpus is prescribed by statute. Specifically, the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2241(c). 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition, in order to succeed in on a federal habeas petition, petitioner must demonstrate that the adjudication of his claim in state court:

2

> Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Here, petitioner is challenging a 2000 conviction out of El Dorado County. That conviction resulted in a sentence of six years. Petitioner was discharged from that sentence on March 27, 2013, a few weeks before he filed his petition in this court. He is currently in the custody of the Nevada Department of Corrections, a result of a separate conviction not the subject of his current petition. Thus, he no longer meets the in custody requirements of § 2254.

As to the timeliness of the petition, federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See

1   Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the
2   conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the
3   limitations period begins running the following day.  If the conviction became final before April
4   24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the
5   day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th
6   Cir. 1999).

7           The limitations period is tolled, however, for the time a properly filed application
8   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
9   "properly filed," the application must be authorized by, and in compliance with, state law.  See
10  Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v.
11  DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a
12  state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
13  and the failure to comply with those time limits precludes a finding that the state petition is
14  properly filed).  A state court application for post-conviction relief is "pending" during all the
15  time the petitioner is attempting, through proper use of state court procedures, to present his
16  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered
17  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549
18  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
19  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
20  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
21  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
22  untimely, the federal court must independently determine whether there was undue delay.  See id.
23  at 226-27.

24          Here, petitioner is challenging his October 2, 2000 conviction.  Petitioner did not
25  appeal the final judgment, nor did he file any state post-conviction challenge.  The statute of
26  limitations therefore began on December 1, 2000, sixty days after the expiration of the time to

file an appeal. Petitioner then had until December 1, 2001, to file his federal petition. As no state post conviction challenges were filed, there was no tolling of this time period. Petitioner did not file his federal habeas petition until April 11, 2013, well beyond the one year statute of limitations. His current petition is therefore untimely.

Petitioner's current petition is also unexhausted. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Petitioner did not appeal his conviction nor did he file any state post-conviction challenges to his conviction. He therefore failed to provide the state courts with the opportunity to address the merits of his claims. His petition should therefore be dismissed as unexhausted as well.

Finally, as respondent argues, it appears petitioner is attempting to avoid the above issues with his petition by claiming his petition is a writ of coram nobis or audita querela, and filed under the All Writs Act, 28 U.S.C. § 1651. As respondent contends, writs of coram nobis and audita querela are methods by which a criminal defendant may challenge a federal conviction, where other remedies are foreclosed, but are not available to challenge a state

1  conviction.  See Casas-Catrillon v. Warden, 265 F. App'x 639, *1 (9th Cir. 2008); Carrington v.
2  United States, 503 F.3d 888, 890 (9th cir. 2007); Rawlins v. Kansas, 714 F.3d 1189, 1196-97
3  (10th Cir. 2013).  Petitioner is neither challenging a federal conviction out of this court, nor has
4  he shown his claims could not have otherwise been raised in a writ of habeas corpus.
5           Based on the foregoing, the undersigned has construed the petition as a writ of
6  habeas corpus, finds petitioner no longer meets the in custody requirement, and the petition is
7  untimely and fully unexhausted.
8           Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the
9  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal
10 this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.
11 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under
12 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
13 constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of
14 appealability indicating which issues satisfy the required showing or must state the reasons why
15 such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed
16 on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)
17 'that jurists of reason would find it debatable whether the district court was correct in its
18 procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition
19 states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775,
20 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).
21 Here, the petitioner is being dismissed on procedural grounds.  The court finds that petitioner has
22 not satisfied the first requirement for issuance of a certificate of appealability in this case.
23 Specifically, there is no showing that jurists of reason would find it debatable whether
24 petitioner's petition was timely.
25           Accordingly, IT IS HEREBY ORDERED that:
26           1.     Respondent's unopposed motion to dismiss (Doc. 12) is granted;

2. Petitioner's petition is dismissed;

3. No certificate of appealability shall issue in this case; and

4. The Clerk of the Court is directed to enter judgment and close this case.

DATED: March 16, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE